IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GABRIEL RODRIGUEZ, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT AND JURY DEMAND |
| vs. | ) | |
| | ) | |
| ALCAN GLOBAL PHARMACEUTICAL PACKAGING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, Gabriel Rodriguez, by and through his attorney, Daniel T. Hoarty, for his cause of action against the Defendant, Alcan Global Pharmaceutical Packaging, Inc., states and alleges as follows:

JURISDICTION

1. This action is brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et. seq. and the Nebraska Fair Employment Practices Act, § 48-1104 to redress the unlawful violations by the Defendant of discrimination based upon perceived disability against the Plaintiff, Gabriel Rodriguez.

2. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331 and §1343(a)(4) providing for the original jurisdiction in this Court for all civil actions arising under the Constitution, laws or treaties of the United States and any civil action authorized by law to recover damages or to secure the protection of civil rights. Supplemental jurisdiction of this Court is invoked pursuant to Title 28, U.S.C. §1367(a) for jurisdiction over all other claims that are so related to claims in the action which provide original jurisdiction.

3. Venue is proper within this district pursuant to 42 U.S.C. §12101 et. seq. and 28 U.S.C. §1391(b)(2).


4.  The unlawful employment practices alleged below were committed in Syracuse, Otoe County, District of Nebraska.

5.  The Defendant is an employer within the meaning of the Americans with Disabilities Act of 1990.

6.  Timeliness and all other jurisdictional requirements have been met.

## ADMINISTRATIVE PROCEDURES

7.  The Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission on July 13, 2005. Plaintiff's charge was investigated by the NEOC, which on February 17, 2006, found that there was reasonable cause to believe that the Defendant had unlawfully discriminated against the Plaintiff, Gabriel Rodriguez.

8.  On or about June 14, 2006, the Plaintiff received from the EEOC a Notice of Right to Sue entitling the Plaintiff to commence this action within 90 days of receipt of Notice. A copy of this Notice is attached hereto, marked Exhibit "A", and incorporated herein by reference. On or about the 19th day of May, 2006, the Plaintiff received from the NEOC a notice entitling the Plaintiff to commence suit against the Defendant under the Nebraska Fair Employment Practice Act within 90 days of his receipt of such notice.

9.  The Plaintiff has filed this action within the 90 day period following receipt of the Notices of Right to Sue issued by the EEOC and the NEOC.

10. The Plaintiff has satisfied all private, administrative and judicial prerequisites for the institution of this action.

## PARTIES

11. Plaintiff, Gabriel Rodriguez, is a resident of St. Mary, Nebraska. Plaintiff is an "eligible employee" as that

term is defined within the meaning of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et. seq.

12.  Defendant, Alcan Global Pharmaceutical Packaging, Inc., is a corporation with its principal place of business in a state other than Nebraska. It maintains a business in Syracuse, Otoe County, Nebraska. Defendant is an "employer" as that term is defined within the meaning of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et. seq.

## STATEMENT OF CLAIMS AND ALLEGATIONS

13.  Plaintiff was hired by Defendant on or about April 5, 2005 as a probationary floor worker at Defendant's Syracuse, Nebraska plant.

14.  Plaintiff suffered a broken leg in or about 1990. As a result of this broken leg, Plaintiff occasionally limped when he walked. This limp did not affect Plaintiff's ability to work for Defendant. The Plaintiff at all times material hereto was capable of and did perform the essential functions of his position to the satisfaction of his supervisors.

15.  Defendant employed floor workers on a probationary status as Level 1 employees for 90 days before making a determination whether the Defendant would hire an individual employee on a full time basis. Defendant promoted Level 1 employees to Level 2 status after 90 days based on three criteria: (1) the quality of an employee's work, (2) the employee's attendance record, and (3) a written test evaluating an employee's knowledge of the work required of that employee.

16.  At all times during his employment with Defendant, Plaintiff excelled at his job, had exemplary attendance, and was well liked by both his supervisor and co-workers.

17. Shortly before his 90 day probationary period was to expire, Mr. Rodriguez passed the test administered by the Defendant to move from a Level 1 position to a Level 2 position. A week or two after he took the test, Plaintiff was told by Larry Wieckhorst, a production supervisor who oversaw Plaintiff, that he had passed the test, and that he would soon be issued the standard company raise commensurate with a change from a Level 1 position to Level 2.

18. Plaintiff asked Mr. Wieckhorst if that meant he was a Level 2 employee, and Mr. Wieckhorst told him that he was. Plaintiff's paycheck dated June 27, 2005, reflected Level 2 pay.

19. In or about June of 2005, Defendant held at least one supervisory staff meeting at which Mr. Rodriguez's limp was discussed. Mike Cuykendall, a production supervisor on the third shift, expressed his belief that the Plaintiff's limp was a safety concern.

20. On or about July 2, 2005 Mr. Wieckhorst met with the Plaintiff to terminate Plaintiff's employment. Mr. Wieckhorst told the Plaintiff during this meeting that Mr. Wieckhorst's superiors felt Plaintiff did not fit in at the plant. Mr. Wieckhorst did not specify any other reason for the decision to terminate Plaintiff's employment. The true reason, however, for Defendant's termination of Plaintiff's employment was the Defendant's unfounded perception that the Plaintiff was disabled.

## FIRST CAUSE OF ACTION

Plaintiff re-alleges and incorporates herein by reference the allegations contained within paragraphs 1-20, as fully set forth herein and further alleges as follows:

21. Defendant has engaged in unlawful employment practices in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 et. seq. Practices include, but are not limited to, the Defendant's unlawful termination of a qualified individual who was perceived to be disabled.

WHEREFORE, Plaintiff prays for:

a)   an award of back pay to compensate the Plaintiff for loss of salary, employment benefits, promotions and other job opportunities he has suffered;

b)   an order directing the Defendant to place Plaintiff in a position he would have held or would be holding had he not been discriminated against, such award including, but not limited to, reinstatement or payment of front pay for reasonable time in the future;

c)   an award of costs of this suit and reasonable attorneys fees as allowed under the Americans with Disabilities Act;

d)   an award of prejudgment interest;

e)   an order enjoining the Defendant from engaging in unlawful discrimination practices;

f)   an order granting compensatory damages for pain and suffering of the Plaintiff as a result of the treatment to the Plaintiff by Defendant;

g)   for punitive damages; and

h)   for such other and further relief as the Court deems just and proper under the circumstances.

## SECOND CAUSE OF ACTION

Plaintiff re-alleges and incorporates herein by reference the allegations contained within paragraphs 1-21, as fully set forth herein and further alleges as follows:

22.  Defendant has engaged in unlawful employment practices in violation of the Nebraska Fair Employment Practices Act, §48-1104, specifically, Defendant's unlawful termination of the Plaintiff, a qualified individual, who was perceived to be disabled.

WHEREFORE Plaintiff prays for:

a) an award of back pay to compensate the Plaintiff for loss of salary, employment benefits, promotions and other job opportunities he has suffered;

b) an order directing the Defendant to place Plaintiff in a position he would have held or would be holding had he not been discriminated against, such award including, but not limited to, reinstatement or payment of front pay for reasonable time in the future;

c) an award of costs of this suit and reasonable attorneys fees as allowed under the Americans with Disabilities Act;

d) an award of prejudgment interest;

e) an order enjoining the Defendant from engaging in unlawful discrimination practices;

f) an order granting compensatory damages for pain and suffering of the Plaintiff as a result of the treatment to the Plaintiff by Defendant; and

g) for such other and further relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues. Plaintiff requests that such jury trial be held in Omaha, Nebraska.

GABRIEL RODRIGUEZ, Plaintiff

By: _____
Daniel T. Hoarty  #23182
BYAM & HOARTY
317 American National Bldg.
8990 West Dodge Road
Omaha, NE 68114
(402) 397-0303
Attorneys for Plaintiff